JOHN EGGERT, PLAINTIFF-RESPONDENT, v. HYMAN BINDER, DEFENDANT-APPELLANT.

Decided November 8, 1923.

Negligence—Motor Vehicle Accident—Injury to Pedestrian—Objections to Admission of Evidence.

On appeal from the Hudson Circuit Court.

Before Justices TRENCHARD and PARKER.

For the appellant, *Mark Townsend, Jr.*

For the respondent, *Clarence Kelsey.*

PER CURIAM.

This action was brought to recover damages for personal injuries which the plaintiff suffered by being struck by defendant's automobile while crossing a street in Jersey City. There was a rule to show cause allowed by the judge of the Circuit Court, the result of which was a reduction of the verdict, which the plaintiff accepted and the case is now here on appeal on exceptions reserved.

The first ground is that a witness for the plaintiff was asked on cross-examination about a certain conversation between the witness and the defendant, and after reciting a part of it was turned over to the plaintiff, who asked him to state anything further that was said. The witness replied that the defendant told him that the insurance company was willing to settle with the man he had injured for $1,500 and

that he would not accept it and was suing for $3,000. The question was not objected to, but the answer was a surprise to both counsel. The defendant moved to strike out the answer, which the court refused to do, which is a ground of exception; but the record shows that the motion was renewed near the close of the case and the court struck it out on the motion of the defendant, and expressly charged the jury not to pay any attention to it. Hence, this matter presents no reason for reversal.

The next objection made is that the trial court refused to strike out the testimony of two physicians who had examined the plaintiff just before the trial for the purpose of testifying. The ground of the objection is that they relied on the history of plaintiff's condition as given by him. But the motion was subsequently renewed by the defendant and the court said: "I will strike out as much of his testimony as is based on what was told him. What he testified that he saw himself may stand." If the objection was good on any ground it was cured by what the court said, and in charging the jury told them: "In considering the evidence of the physicians who have testified as experts in this case, and who have not treated him as physicians, you should only consider such evidence as to the condition of this plaintiff's backbone as is based upon what they discovered from the personal examination of the plaintiff or from the examination of the X-ray photographs which have been offered before you in evidence; not upon anything that had been told about the condition of the plaintiff's backbone."

The argument of the appellant that "personal investigation" included hearsay testimony has no merit. The next point is that the court refused the defendant's offer to show the X-ray plates taken by a witness of other persons.

This was properly overruled because the plates had nothing to do with the case on trial.

The next point made is that the court refused to charge a request which amounted to a summing up of the case and contained so much immaterial matter that the court was not bound to charge it.

The next point was that the court refused to charge the fifth request. This request is open to the same objection and was not a request to charge a rule of law. The same objection applies to all the requests which were refused. We think that so far as they were appropriate they were charged in effect. The judgment will be affirmed, with costs.